RULEY, JUDGE:
The claimant is the owner of a parcel of real property located on Route 16 near Grantsville, Calhoun County, West Virginia. In March or April 1977, a portion of the land along Route 16 began to slip. According to the testimony of the claimant’s son, the respondent would repair the slip and shortly thereafter, it would begin again. In December 1978, the respondent performed a slide correction which involved moving the road eastward, away from the slip and the claimant’s property. The claimant’s son stated that the respondent dumped dirt from the construction area onto his mother’s *437 property, and that the slide has continued to damage the property. The slip was estimated at 54 feet wide and 300 feet long. The claimant seeks damages in the amount of $60,000.00.
The claimant’s son testified that the repeated slips caused dirt and debris to come onto his mother’s property, but that no damage occurred to any structure on the land. An appraisal of the property made by the claimant’s son did not reflect a decrease in the monetary value of the land due to the slip. An appraisal report submitted by respondent established a decreased value of $1,000.00.
Samuel H. Beverage, assistant district engineer in charge of maintenance, described the area and the relocation of the road. He stated that the area was slide prone, and that the soils have a safety factor of about one “which means that they are just on the balance of being stable or unstable so anything that would upset that balance to make that factor of safety drop below one would cause or create possibly a slip.” Saturation of the soils with water is the usual reason for a slide to begin. The correction project, which involved relocating the road and putting predrilled piling into the slip area, benefited the claimant by preventing more material from coming onto the property. Mr. Beverage stated that he did not recall seeing any prior construction or any evidence of a drainage system installed by respondent which would have contributed to the slide.
Alton Smith, district supervisor involved in the relocation project, testified that a site was obtained to dump the waste material from the project. He stated that as far as he was aware, all the waste was deposited on this site.
From the evidence presented in the claim, the Court is of the opinion that there was insufficient proof of any acts or omissions by the respondent which were the proximate cause of the claimant’s damages. The slide appears to be caused by the natural movement of unstable soils. This being the case, the Court must deny the claim.
Claim disallowed.